JONES v. STATE. (No. 3945.)

(Court of Criminal Appeals of Texas. Feb. 16, 1916.)

1. HOMICIDE ☞332 — REVIEW — WEIGHT OF EVIDENCE.

The verdict finding defendant guilty of murder cannot be disturbed; there being evidence warranting this, and conflicting evidence of self-defense.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 699–704; Dec. Dig. ☞332.]

2. HOMICIDE ☞309 — MANSLAUGHTER — INSTRUCTIONS.

Refusal to charge on manslaughter is proper; the evidence raising only the issues of murder and self-defense.

[Ed. Note.—For other cases, see Homicide, Cent. Dig. §§ 649, 650, 652–655; Dec. Dig. ☞309.]

3. CRIMINAL LAW ☞1169 — ERROR FAVORABLE—EVIDENCE.

Defendant alone testifying that deceased had a knife and was attacking him therewith, though there was no evidence of one being found, the state's testimony of deceased being in the habit of whittling, and a whittled stick being found at the place, was favorable, rather than prejudicial, to defendant.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 754, 3088, 3130, 3137–3143; Dec. Dig. ☞1169.]

4. CRIMINAL LAW ☞730—TRIAL—ARGUMENT OF DISTRICT ATTORNEY—OBJECTION—ACTION BY COURT.

Defendant not having requested an instruction to disregard argument of the district attorney, it is enough that the court, on objection, reprimanded said attorney.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. § 1693; Dec. Dig. ☞730.]

5. CRIMINAL LAW ☞595, 598—CONTINUANCE — ABSENT WITNESSES — DILIGENCE — INADMISSIBLE TESTIMONY.

Refusal of continuance for absence of witnesses is proper; the proposed testimony of one of them being inadmissible, and diligence as to the other not being shown.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1311, 1323–1327, 1335–1341; Dec. Dig. ☞595, 598.]

Appeal from District Court, Nacogdoches County; L. D. Guinn, Judge.

Peter Jones was convicted, and appeals. Affirmed.

J. M. Marshall, of Nacogdoches, for appellant. C. C. McDonald, Asst. Atty. Gen., for the State.

PRENDERGAST, P. J. Appellant was convicted of murder, and his punishment assessed at eight years in the penitentiary.

[1] The evidence presented two issues—one, on behalf of the state, of murder; the other, on behalf of appellant, self-defense. The evidence on behalf of the state was sufficient to justify the jury to convict him of murder. Evidently the jury believed that theory, and did not believe appellant's claimed self-defense. This was a question for the jury, and we cannot disturb the verdict.

[2] Appellant has a bill complaining that, after the court had charged the jury as to the law of the case, and before they had re-tired, he excepted to the court's refusal to affirmatively charge on manslaughter, stating that it was raised by the evidence in the case. This bill on its face shows that his objections came too late, but, whether they did or not, the evidence did not raise the issue of manslaughter, but did that of murder and self-defense only. Therefore the court committed no error in omitting to charge, or refusing to charge, on that subject. Branch's Criminal Law, § 505, and authorities there cited by him.

[3] Appellant has another bill to this effect, that on the trial Mr. Lay was permitted to testify that deceased was in the habit of whittling around the mill while at his work, and that there was found near where deceased lay a small stick or piece of board, one end of which had been cut or whittled upon. His objection to this testimony was that it was immaterial and prejudicial to his rights. This bill shows no error, even if it is considered. Appellant alone testified that deceased had a knife and was attacking him therewith at the time he killed him. The evidence does not disclose that any knife was found on or about his person at the time. It occurs to us that the testimony of Mr. Lay to which he objected was in his favor, and not against him.

[4] In another bill he complains of a very brief statement in the argument of the district attorney. The bill shows that, when he objected to it, the court reprimanded the district attorney. He requested no other instructions not to consider that argument. The argument of the district attorney would have presented no ground of reversal, even if the judge had not reprimanded him.

[5] The court did not err in overruling his motion for a continuance. The proposed testimony of his wife, whom he claimed as one of his absent witnesses, would have been inadmissible. The testimony of the other witness, we think, would not have been admissible. The bill and motion for a continuance do not show sufficient diligence as to him. Giles v. State, 66 Tex. Cr. R. 638, 148 S. W. 317.

The court gave his only requested charge which should have been given. No error is presented which would authorize this court to reverse.

The judgment is therefore affirmed